NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Camaro Sue Sim-Reisewitz, | No. CV-15-08146-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan and Attorney General of the State of Arizona, | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett (Doc. 18) on August 3, 2016. In an even-handed and well-reasoned R & R, Judge Willett recommended denial of this Petition and dismissal with prejudice. The Magistrate Judge "further recommended that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right in h[er] claims for relief. (*Id*. at 16:24-26 6:12-15) (emphasis omitted). Thereafter, the R & R expressly informed the parties that they were entitled to "file *specific* written objections with the Court[]" within fourteen days from the date of service of that R & R. (Doc. 18) at 17:3) (citations omitted).

On August 11, 2006, Petitioner timely filed what she titled a "Reply to Report and Recommendation." (Doc. 19 at 1). Given the time frame within this was filed, and the fact that Petitioner has not filed any other documents, the Court is construing Petitioner's "Reply" as her objections to the R & R.

## I. Standard of Review for Report and Recommendation

The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Conversely, a "district judge *must* determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3) (emphasis added); see also 28 U.S.C. § 636(b)(1) emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made.") "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D.Ariz. 2014) (citing *See*, *e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D.Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'"); *Gutierrez v. Flannican*, 2006 WL 2816599 (D.Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991); *United States v. One Parcel of Real Prop.*, 73 F .3d 1057, 1060 (10th Cir.1996)).

## II. Petitioner's Failure to Make Specific Objections

This line of precedent is persuasive, especially taking into account the purpose of the specific objection requirement. The "obvious purpose" of this requirement "is

judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties."  *Warling*, 2013 WL 5276367, at *2.  (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121).  "Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object."  *Id.* (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D.Ariz. 2006)).

In the present case, in her two-page Reply, Petitioner did not specifically object to any part of the R & R, such as its factual recitation or legal conclusions.  Rather, her Reply can best be characterized as a general objection wherein Petitioner merely reiterates her view that, among other things, she did not voluntarily consent to the search of her home, and that her trial attorney was ineffective because he did not move to sever her trial from that of her husband, a co-defendant.[1]  In other words, Petitioner's Reply is nothing more than a reassertion of the merits of her Petition.  Thus, absent any specific objection, the Court has no obligation to and will not review Petitioner's general objection.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Willett's R & R (Doc. 18) is **accepted and adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied and dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis

---

[1]     The R & R thoroughly analyzed both of these issues and soundly reasoned that they were without merit.  See Doc. 18 at 9-16.  Representative of this sound analysis is the Judge's own review of the transcript from the evidentiary hearing which the trial court conducted on Petitioner's claim that her trial counsel was ineffective for failing to move to sever her trial from that of her co-defendant husband.  See id. at 13:13-14:11.  Based upon such review, the Judge correctly found that "trial counsel's decision not to file a motion to sever was based on a 'carefully considered, deliberately undertaken strategy, the likes of which [a court] cannot second-guess on federal habeas review.'" Id. (quoting Ayala v. Chappell, --- F.3d ----, 2016 WL 3913446, at *10 (9th Cir. July 20, 2016)).

on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

  **Dated** this 9th day of September, 2016.

Honorable Diane J. Humetewa
United States District Judge